**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | |
|---|---|
| JAMES E. WASHINGTON,<br>doing business as<br>Sales Pointe Realty,<br><br>    Plaintiff,<br><br>vs.<br><br>VENDORS RESOURCE<br>MANAGEMENT,<br>also known as<br>VRMCO.com, et al.,<br><br>    Defendants. | Case No. 3:19-cv-00402<br><br>District Judge Douglas R. Cole<br>Magistrate Judge Sharon L. Ovington |

## REPORT AND RECOMMENDATIONS[1]

Previously in this case, the undersigned Judicial Officer issued a Report and Recommendations concerning multiple Defendants' Motions to Dismiss and Motions for Judgment on the Pleadings, and Plaintiff James E. Washington's opposition to those Motions. (Doc. #71). The Report did not address Defendant Vendor Resource Management, Inc.'s (VRM's) Motion to Dismiss because it had not yet been fully briefed. VRM's Motion to Dismiss has since become fully briefed and is presently ripe for review. (Doc. #s 61, 68, 70). The earlier-filed Report and Recommendations (Doc. #71) is incorporated herein by reference.

Washington is a real estate broker in the Dayton, Ohio area. He alleges in his *pro se* Complaint that several years ago he attended a six-day function offered by VRM at its

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

campus in Texas. He explains that he completed every Real Estate Owned (REO) course available and has a certificate of completion for the courses. He paid more than $5,000 to VRM for transportation, lodging, and other costs. Yet his "calls and correspondences to 'VRM' about local REO assignments go unanswered." (Doc. #1, *PageID* #4).

For definitional context, several Defendants explain, "REO generally applies to properties that lenders have foreclosed upon and taken ownership of after the conclusion of the foreclosure process." (Doc. #14, *PageID* #72). Once foreclosure ends, lenders list properties for sale with local real estate brokers who then list the properties for sale through the local multiple listing service.

Washington alleges that various federal agencies, such as Housing and Urban Development, Freddie Mae, and Freddie Mac, have "Black CEOs …." (Doc. #1, *PageID* #3). He equates these CEOs with "Slavers … who keep up-perti Blacks in line and order with their Whips." *Id.* And he alleges, "The Va's [Veterans Administration's] REO organization VENDOR RESOURCE MANAGEMENT CEO is Black and the Organization is Black Owned…." *Id.* (internal quotation marks omitted).

Washington's Complaint identifies his claims as "Title VII 1964 Civil Rights Violations[,] Alleged Participation in Conspiracy to Commit Fraud against Plaintiff to Deny Plaintiff the Ability to Participate in Local REO Listing Sales Management, 'REO' Market[.]" *Id.* at 1. He seeks to recover "fair compensation for expenses and loss revenue for any alleged discriminatory abuses that t may have committed against [him]." (Doc. #1, *PageID* #4 (capitalization omitted).[2]

---

[2] For additional background, see Doc. #71.

VRM contends that dismissal of Washington's Complaint is warranted under Fed R. Civ. P. 12(b)(6) because he fails to raise a plausible claim for relief.  VRM also contends that the Complaint must be dismissed under Fed. R. Civ. P. 12(b)(1) due to lack of subject matter jurisdiction because complete diversity of citizenship is lacking between the parties, and the amount in controversy does not exceed the $75,000 jurisdictional minimum needed to establish jurisdiction.

Under Rule 12(b)(6), the Court accepts Washington's allegations as true and liberally construes his pro se Complaint in his favor.  *See Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011).  To survive VRM's pending Rule 12(b)(6) motion, Washington's Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "The facts cannot make it merely possible that the defendant is liable; they must make it plausible.  Bare assertions of legal liability absent some corresponding facts are insufficient to state a claim." *Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Title VII of the Civil Rights Act prohibits employers from discriminating against "any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

Accepting Washington's factual allegations as true and liberally construing his Complaint in his favor fails to raise reasonable inference that VRM violated Title VII. His Complaint fails to connect any allegation of discrimination prohibited by Title VII to VMR. Although Washington is not required to include detailed factual allegations in his Complaint, he must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. At best for Washington, his Complaint raises conclusory and unadorned allegations that fail to state a plausible claim for relief against VRM. His allegation that VMR's CEO is black and the black CEO's of various federal agencies says nothing upon which a reasonable inference of race discrimination can be based.

Washington's Title VII claim against VRM also falls short for failing to raise facts upon which a reasonable inference can be drawn that VMR was Washington's "employer" subject to Title VII's requirements. "Title VII makes it 'an unlawful employment practice for an employer ... to discriminate against any individual…, because of such individual's race, color, religion, sex, or national origin." *Chaney v. Haworth, Inc*., No. 19-1697, 2020 WL 1131511, at *3 (6th Cir. 2020) (quoting, in part, 42 U.S.C. § 2000e-2(a)(1)). Assuming, as one Defendant has conceded, that Defendants generally satisfy Title VII's definition of employer, *see* Doc. # 14, *PageID* #76, Washington's Complaint contains no indication that he ever was an employee of VMR or that VMR employed him.

Washington's Complaint, moreover, does not explain that he filed an EEOC charge, and he has not attached to his Complaint or submitted in the case record, a copy of an EEOC charge he filed with the EEOC concerning VRM or the matters discussed in the Complaint.

He also has not attached a notice of right to sue from the EEOC in connection with an EEOC charge. And, he has not identified any date upon which he filed an EEOC charge or received a notice of right to sue from the EEOC. Without some indication that he exhausted his administrate remedies and timely filed this case, which the Complaint lacks, Washington's Title VII claims are subject to dismissal. Only after these procedures have been exhausted, and the plaintiff has obtained a "right to sue" letter from the EEOC, may he or she bring a Title VII action in court. *See Granderson,* 211 F. App'x at 400-01; *see also Hoover v. Timken Co.*, 30 F. App'x 511, 513 (6th Cir. 2002).

Washington's remaining allegations against VRM concern the $5,000 in costs and expenses he paid for attending courses at its campus in Texas without gaining any return in the form of REO assignments. Construing this liberally in Washington's favor he may be advancing state-law claims in fraud in breach of contract. VRM is correct, however, that complete diversity of citizenship is lacking between Washington and all Defendants. Based on the Complaint's allegations, Washington is a longtime resident of Dayton and a citizen of the State of Ohio. He does not specify the citizenship of each Defendant but the individual Defendant Realtors doubtlessly reside in the Dayton area and are citizens of Ohio. Because complete diversity of citizenship is absent in this situation, the Court lacks subject matter jurisdiction over claims Washington raises under state law, including fraud and breach of contract. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." (emphasis in original)).

Washington contends that VMR failed to address his "amended pleadings under the

Fourteenth Amendment to the Constitution's Equal Protection Clause …." (Doc. #68, *PageID* #383). This claim, assuming he properly raised—it does not appear on the face of his Complaint—fails as a matter of law. "The constitutional guarantee of equal protection of the laws…, applies to state laws and statutes—not to internal policies created by private employers." *Stevenson v. Amazon.com, Inc*., 15-13505-FDS, 2016 WL 2851316, at *4 (D. Mass. 2016); *see* U.S. Const. amend. XIV, § 1 ("No state shall make or enforce any law which shall ... deny to any person within its jurisdiction the equal protection of the laws."); *see also Sarich v. Bank One Corp*, 2005 WL 2233268, at *11 (N.D. Ohio 2005) ("only a governmental entity, and not a private employer such as Bank One, may violate an individual's rights to equal protection under those provisions.").

Accordingly, VRM's Motion to Dismiss is well taken.

## IT IS THEREFORE RECOMMENDED THAT:

Defendant Vendor Resource Management's Motion To Dismiss (Doc. #61) be granted and Plaintiff's claims against this Defendant be dismissed pursuant to Fed. R. Civ. P. 12(b); and Plaintiff's state-law claims against this Defendant be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

April 9, 2020                         *s/Sharon L. Ovington*
                                                     Sharon L. Ovington
                                                     United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).