UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JAMES E. WASHINGTON,

    Plaintiff,                                        Case No. 3:19-cv-402

vs.

VENDORS RESOURCE
MANAGEMENT, *et al*.,                  District Judge Michael J. Newman
                                                         Magistrate Judge Sharon L. Ovington

    Defendants.

---

**ORDER AND ENTRY: (1) ADOPTING THE TWO REPORT AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE (DOCS. 71, 72); (2) GRANTING DEFENDANTS' RULE 12 MOTIONS (DOCS. 13, 14, 27, 39, 45, 61); (3) DISMISSING *PRO SE* PLAINTIFF'S COMPLAINT; (4) DENYING *PRO SE* PLAINTIFF'S MOTIONS FOR LEAVE TO FILE AN AMENDED COMPLAINT (DOCS. 73, 97); (5) DENYING AS MOOT ALL OTHER PENDING MOTIONS (DOCS. 84, 85, 86, 87, 91, 92, 94, 96); AND (6) TERMINATING THIS CASE ON THE DOCKET**

---

This *pro se* civil case is before the Court on the two Report and Recommendations ("R&Rs") issued by United States Magistrate Judge Sharon Ovington, to whom this case was referred pursuant to 28 U.S.C. § 636(b).  *See* docs. 71, 72.  In those R&Rs, Judge Ovington addresses the numerous motions to dismiss and/or for judgment on the pleadings filed by Defendants in this case.  *See* docs. 13, 14, 27, 39, 45, 61.

In addressing those motions, Judge Ovington construed Plaintiff's complaint to allege federal claims of employment discrimination under Title VII of the Civil Rights Act of 1964, as well as various claims arising under Ohio law.  *See* docs. 71, 72.  Finding that Plaintiff fails to allege exhaustion of administrative remedies, fails to allege facts sufficient to meet a *prima facie* case of discrimination, and fails to identify with any specificity the purported discriminatory conduct engaged in by each named Defendant, Judge Ovington recommends that Defendants' Rule

12 motions be granted as to Plaintiff's federal claims and, as a result, this case be closed on the Court's docket. Docs. 71, 72. Because Plaintiff's federal claims are subject to dismissal under Fed. R. Civ. P. 12(b)(6), Judge Ovington also concludes that Plaintiff's state-law claims should be dismissed in the absence of diversity jurisdiction, which is lacking in this case.

*Pro se* Plaintiff filed objections to Judge Ovington's two R&Rs. Doc. 74. Plaintiff's objections do not appear to address the substance of Judge Ovington's conclusions, however. *Id*. Nevertheless, as required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all filings in this matter, including a liberal construction of *pro se* Plaintiff's complaint, objections, and other filings.[1] Upon a careful *de novo* consideration of the foregoing, the Court determines that the two R&Rs (docs. 71, 72) should be adopted in full, and that Plaintiff's objections should be overruled.

Accordingly, the Court: (1) **ADOPTS** the Reports and Recommendations of the Magistrate Judge (docs. 71, 72); (2) **OVERRULES** Plaintiff's objections (doc. 74); (3) **GRANTS** Defendants' Rule 12 motions (docs. 13, 14, 27, 39, 45, 61); and (4) **DISMISSES** Plaintiff's complaint (doc. 1). In addition, the Court **DENIES** Plaintiff's motions for leave to amend the complaint (docs. 73, 97) because the proposed amendments would not cure the alleged deficiencies in the complaint and, therefore, granting the requested leave to amend would be futile. The Court

---

[1] While *pro se* pleadings are "to be liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), *pro se* parties must still satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The Court is "not required to conjure up allegations not pleaded or guess at the nature of an argument." *Brown v. Wal-Mart Stores, Inc.*, 507 F. App'x 543, 547 (6th Cir. 2012). In other words, "while [a *pro se*] plaintiff is not required to recite chapter and verse of the statute upon which he relies, he must provide the court and the defendant with sufficient information about the basis for his claim to satisfy federal notice pleading requirements." *Hawkins v. Youngstown Mun. Court*, No. 4:12CV1029, 2012 WL 4050167, at *2 (N.D. Ohio Sept. 13, 2012).

3

further **DENIES AS MOOT** all other remaining pending motions (docs. 84, 85, 86, 87, 91, 92, 94, 96).  Finally, the Court **TERMINATES** this case on the docket.

    **IT IS SO ORDERED.**


Date:  February 2, 2021                      s/ Michael J. Newman
                                                          Hon. Michael J. Newman
                                                          United States District Judge